UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN HAMMER,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 19-cv-01113 (APM)

## MEMORANDUM OPINION

Pending before the court are Defendant United States' Motion to Dismiss, ECF No. 4, and Plaintiff Brian Hammer's Motion to Remand to Superior Court, ECF No. 10. The court assumes the parties' familiarity with the factual and procedural history of this matter. That history also is set forth comprehensively in *Hammer v. United States*, No. 17-cv-02137-BTM-NLS, 2018 WL 6855945, at *1 (S.D. Cal. Sept. 13, 2018). So, the court need not repeat it here.

To start, Plaintiff's Motion to Remand is denied. The United States properly removed this matter pursuant to 18 U.S.C. § 1442(a)(1) (authorizing removal of any action brought against the United States in a "state court"); *id.* § 1442(d)(6) (defining "state court" to include the D.C. Superior Court).

With regard to the United States' Motion to Dismiss, as a threshold matter, the court agrees that it lacks subject matter jurisdiction. Plaintiff asserts a breach-of-contract claim seeking more than $10,000. *See* Am. Compl., ECF No. 3-1, at 1, 5–6 (making a demand for judgment in the amount of $37,000; prayer seeking "appropriate compensatory damages"). Such claims must be brought before the U.S. Court of Federal Claims. *See* 28 U.S.C. § 1491; *Palacios v. Spencer*, 906

F.3d 124, 126–27 (D.C. Cir. 2018). The equitable relief sought by Plaintiff does not compel a different outcome. *See Clay v. United States*, 210 F.2d 686, 686 (D.C. Cir. 1953).

Even if the court had jurisdiction, Plaintiff's breach-of-contract claim still fails. First, the doctrine of collateral estoppel, or issue preclusion, forecloses the claim. In an earlier action, the U.S. Court of Federal Claims determined that the Joint Stipulation of Dismissal—the claimed contract—is not an enforceable agreement. *See* Def.'s Mot. to Dismiss, Ex. 2, ECF No. 4-3 (ruling in *Hammer v. United States*, No. 18-1606C (Fed. Cl. Jan. 10, 2019)) [hereinafter Fed. Cl. Decision]. It is true that the Court of Federal Claims' ruling came in the context of a dismissal for lack of subject matter jurisdiction. *See id.* But "[a] dismissal for lack of jurisdiction *does* 'preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal.'" *Jackson v. Office of the Mayor of D.C.*, 911 F.3d 1167, 1171 (D.C. Cir. 2018). Thus, the Court of Federal Claims' decision that it lacked subject matter jurisdiction because the Joint Stipulation of Dismissal is not an enforceable contract prevents Plaintiff from pressing that issue in this case.

Additionally, even if collateral estoppel were inapplicable, Plaintiff has not made out a plausible claim. The Joint Stipulation of Dismissal is not an enforceable agreement. Rather, as the Court of Federal Claims explained: "It served as a notice to the Clerk of Court to dismiss the complaint without further involvement of the judge or the parties, which the Clerk did. It is not a settlement agreement and has no further binding effect on the parties . . ." Fed. Cl. Decision at 2–3. Accordingly, not having pleaded a valid contract, Plaintiff's complaint must be dismissed.

A separate final order accompanies this Memorandum Opinion.

Dated: June 4, 2019

Amit P. Mehta
United States District Court Judge